# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL FLORES, | CASE NO. 1:04-cv-5723-OWW-DLB PC |
|     Plaintiff, | |
|   v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED AND ACTION BE DISMISSED FOR FAILURE TO EXHAUST, WITHOUT PREJUDICE |
| JAMES YATES, et al., | |
|     Defendants. | |
| | (Doc. 14, 16) |

I.  Procedural History

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law.  This action is proceeding on plaintiff's complaint, filed May 17, 2004, against defendants Yates, Kim, Sacks, and Gross ("defendants") for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  On March 27, 2007, defendants Kim, Sacks, and Yates filed a motion to dismiss for failure to exhaust.  Plaintiff filed an opposition on April 9, 2007 in which he concedes that he did not exhaust his administrative remedies

1

prior to filing this action and therefore agrees to dismissal of this action without prejudice.[1] On July 18, 2007, defendant Gross filed a similar motion to dismiss for failure to exhaust.

III. <u>Exhaustion Requirement</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 127 S.Ct. at 921; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

IV. <u>Defendants' Motion to Dismiss for Failure to Exhaust</u>

    A. <u>Section 1983 Claims</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on December 15, 2006. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 13.)

a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

The Eighth Amendment claims at issue in this action allegedly accrued at Pleasant Valley State Prison. Plaintiff alleges that defendants were deliberately indifferent to his complaints of ear pain and hearing loss.

In support of their motion, defendants submit evidence that plaintiff filed an inmate grievance concerning his condition approximately two (2) months after the alleged onset of the condition. According to the exhibits attached to plaintiff's complaint, defendant Kim responded to the appeal on March 4, 2004. However, plaintiff failed to pursue the appeal beyond the first level response. (Doc. 14-1, Shannon Dec., ¶¶8, 9.) Evidence that plaintiff did not pursue his grievance to the final level of review, and the absence of any record of any other relevant appeals is sufficient for defendants to meet their burden as the parties moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence that exhaustion occurred.

Plaintiff does not oppose this evidence and in facts concedes that at the time of filing this action, he had not exhausted his administrative remedies. Plaintiff requests that the Court dismiss the action without prejudice so that he may re-file the action upon exhaustion of the administrative process.

V. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motions to dismiss for failure to exhaust, filed March 27, 2007 and July 18, 2007 be GRANTED and that this action be dismissed in its entirety, without prejudice, for failure to exhaust.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)

days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 30, 2007**                    /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE